```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


ANDRE HOLT                                  CIVIL ACTION

VERSUS                                      NO: 11-2759

RANDY & BROTHERS TRUCKING, INC. ET AL.      SECTION: R
```

### ORDER AND REASONS

Before the Court are defendants' three motions *in limine*.[1] Defendants' motions requesting the Court exclude the testimony of Dr. Rice,[2] and portions of the testimony of Dr. Voorhies,[3] are rendered moot by Mr. Holt's stipulation[4] and because intervenor Betty Taylor has not listed Dr. Rice or Dr. Voorhies as potential witnesses.[5]

Defendants' remaining motion to prohibit plaintiff and intervener from calling defendants' expert witnesses during their case-in-chief is unopposed by Mr. Holt,[6] but opposed by Ms. Taylor.[7] The Court will now address this remaining motion.

---

[1]    R. Doc. 41; R. Doc. 42, R. Doc. 43.

[2]    R. Doc. 41.

[3]    R. Doc. 43.

[4]    R. Doc. 44.

[5]    R. Doc. 33.

[6]    R. Doc. 44.

[7]    R. Doc. 56.

**I. BACKGROUND**

Plaintiff, Andre Holt, and intervenor, Betty Taylor, bring this lawsuit seeking damages arising from an automobile accident. Defendants' have moved this Court to preclude Ms. Taylor from calling defendants' experts in her case-in-chief.[8]

**II. DISCUSSION**

One month after this Court's scheduling deadline for designating expert witness, Taylor sought to designate two of defendants' experts as witnesses in her case-in-chief. Defendants argue that presenting their witness in intervenor's case-in-chief will prejudice their case.

This Court has broad discretion to control "the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a); Fed. R. Evid. 403. The Court is instructed to exercise this discretion in order to "(1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

Taylor's designation was untimely, and allowing intervenor to introduce defendants' experts will prejudice the defendants because it would allow intervenor to "piggyback[] on another party's trial preparation." *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999). Further, presenting the

---

[8] R. Doc. 42.

defendants' experts will confuse the jury. *See Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995) ("[P]ermitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming rom the fact of the prior retention, quire apart from the substance of the testimony.").

Moreover, introducing defendants' experts in the intervenor's case-in-chief is unnecessary as defendants' will be introducing these witnesses and intervenor will have an opportunity to cross-examine them on their testimony.[9] This is not a case where the experts' testimony will be entirely absent from the trial. *Cf. Rubel*, 160 F.R.D. at 460-461; *Sanchez v. Dupnik*, 362 Fed. App'x 679, 680 (9th Cir. 2010) (affirming district court's decision not to allow plaintiff to call defendant's expert in his case-in-chief where plaintiff was "permitted to fully cross-examine his opponent's expert during trial"). Accordingly, defendants' motion is granted and intervenor will not be permitted to present defendants' experts in her case-in-chief.

---

[9] R. Doc. 42-1 ("Plaintiff an intervener will have ample opportunity to cross-examine these experts on their testimony.")

**III. CONCLUSION**

For the above reasons, defendants' motion is granted.

New Orleans, Louisiana, this 10th day of January, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE